RAFAEL A. MORALES MORALES, Appellant, *v.* THE REGISTRAR OF PROPERTY OF UTUADO, Respondent.

No. G-63-5.      Decided January 22, 1964.

*Jorge Marín Báez* for appellant. The respondent registrar appeared by brief.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

MR. JUSTICE RAMÍREZ BAGES delivered the opinion of the Court.

A certified copy of the decision rendered by the Superior Court, Arecibo Part, ordering the record of ownership of a certain farm in favor of appellant Rafael A. Morales Morales, having been presented to the Registrar of Property of Utuado, record was denied on two grounds, namely: "that in the judgment it is not stated that the immediate preceding owners of the farm have been served summons personally" and that "it is not stated either that the former owners and the petitioner had possessed said farm as owners pursuant to §§ 376 and 1841 of the Civil Code."

The decision in question was presented to the Registry of Property of Utuado on March 4, 1963. On the eighth day of said month respondent served notice by mail to appellant

of the first ground previously stated. After appellant stated his disagreement, the Registrar served notice to appellant on April 1, 1963 that he had denied the record of the instrument on the 29th of the previous month, and to that effect he set out the aforesaid legal grounds at the foot of the document presented. After two days had elapsed without appellant having withdrawn the document, the Registrar forwarded it to this Court on the third of said month of April, pursuant to the provisions of the Law (30 L.P.R.A. § 1772). On April 10, 1963 appellant then filed in this Court the present administrative appeal. We shall treat the matter as an ordinary administrative appeal following the rule established in *Nazario* v. *Registrar*, 36 P.R.R. 694, 696–697 (1927).

▆▆▆ Appellant requests us not to consider the second ground that the decision does not state that the former owners and appellant possessed the farm as owners because it was not set out in any of the Registrar's notices. Section 1 of the Act of March 1, 1902 requires that the Registrar set out at the foot of the document the legal grounds for the refusal (30 L.P.R.A. § 1771). It is thus reaffirmed by the cases cited by appellant.[1] The Registrar faithfully complied with said requirement in this case. But the Spanish text of said law, which is the one that should prevail (31 L.P.R.A. § 13),[2] does not require the Registrar to make such an annotation in the notice of refusal or suspension which he must give to the interested party. In any event, said ground

---

[1] *Collazo* v. *Registrar*, 55 P.R.R. 432, 434 (1939); *Monserrate* v. *Registrar of Guayama*, 31 P.R.R. 607 (1923); *Graciani* v. *Registrar of San Germán*, 25 P.R.R. 41 (1917); *Echavarría et al.* v. *Registrar*, 24 P.R.R. 80, 85 (1916); *Julio Godreau Co.* v. *The Registrar*, 23 P.R.R. 61 (1915); *Roig* v. *The Registrar of Property*, 18 P.R.R. 11 (1912).

[2] House Bill No. 75, "To Provide for Appeals Against the Decisions of Registrar of Property," enacted on March 1, 1902, was introduced on February 2 of said year in Spanish as well as in English and it was of Spanish origin.

of the Registrar lacks merit because from the references made in the decision to appellant and to the former possessors as owners of the real property it is evident that they possessed it as owners.

■ The first ground of the Registrar refusing to record the ownership in this case, that is, that in the decision in question "it is not stated that the immediate preceding owners of the farm have been summoned personally," is a requirement provided by Art. 395 of the Mortgage Law (30 L.P.R.A. § 737). In *Ex parte Rosario*, 75 P.R.R. 656, 665 (1953), we said that in a dominion title proceeding "It is an essential requisite that the summons be served personally upon the former owner, or his successors in interest, as the case may be, if they are known, or when their existence and domicile are known and they are within Puerto Rico." In the decision in question it was stated that the former owners designated by their names and hence known, "were *served notice* pursuant to the Law and in the same manner notice was served to the other unknown persons to whom the record requested might cause prejudice, *all that by means of edicts which were published . . . .*" (Italics ours.) In the manner in which this part of the decision was drawn up, the phrase "all that by means of edicts," separated from the rest of the sentence by a comma, necessarily refers not only to the unknown persons but also to the former owners. And as it is not stated in the decision that the existence and whereabouts of said former owners are unknown or that they are away from Puerto Rico, the facts that justify their summons by edicts have not been stated. Said requirement of summons is of a jurisdictional nature. *Heirs of Meléndez* v. *Almodóvar*, 70 P.R.R. 500 (1949); *Morales* v. *Registrar*, 48 P.R.R. 654, 660 (1935); *Febre et al.* v. *Febre*, 40 P.R.R. 208 (1929). Within his duty to pass on the document presented, the Registrar may and should consider the nature and effect of the decision, whether

it was rendered within the corresponding trial, whether the essential proceedings and rules for its validity were observed, and whether the document contains the circumstances which, pursuant to the Mortgage Law, are necessary for its registration, which also includes a jurisdictional matter as the one set out by him in his note in this case. *Bermúdez* v. *Registrar*, 74 P.R.R. 143 (1952); *Báez* v. *Registrar*, 74 P.R.R. 760 (1953); *Pirela* v. *Registrar*, 65 P.R.R. 900 (1946); *Lebrón* v. *Registrar*, 63 P.R.R. 346 (1944); *Heirs of Trías* v. *Registrar*, 59 P.R.R. 462 (1941); *Cintrón* v. *Registrar*, 35 P.R.R. 737 (1926); *Suárez* v. *Registrar*, 35 P.R.R. 676 (1926). *Cf. Cordero Crespo* v. *Registrar*, 88 P.R.R. 808 (1963). We have repeatedly held that it is not enough to state in the judgment as a mere conclusion that the requisites of summons were complied with, but that it is necessary to set forth in the decision the facts upon which such a conclusion is based, and the failure to do so is a justification for the Registrar to refuse to record the ownership of the farm. *Maldonado* v. *Registrar*, 53 P.R.R. 884, 886 (1938).

On the ground that it was not stated in the decision that the former owners were personally summoned, or, in default thereof, the facts on which their citation by edicts is based, the note appealed from will be affirmed.